# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| TRENT A. GUIDRY | * |
| Petitioner | * |
| v | *   Civil Action No. RDB-13-634 |
| WARDEN TIMOTHY S. STEWART, *et al.* | * |
| Respondents | * |

## MEMORANDUM OPINION

Pending is Respondents' Response to Order to Show Cause. ECF No. 6. Petitioner has filed a Reply opposing the dismissal of the Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. §2241. ECF No. 8. In addition, Petitioner filed a Motion for Amendment. ECF No. 9. No hearing is necessary for the resolution of this case. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Petition shall be dismissed.

Petitioner Trent Guidry ("Guidry") is a prisoner in federal custody at FCI Cumberland, Maryland. In his self-represented Petition he asserts that he is being improperly denied an appropriate assignment to a Halfway House as required by the Second-Chance Act. ECF No. 1 at p. 1. Specifically, he claims he is not being provided a full year's stay in the program which he needs in order to integrate into the community of Billings, Montana. Guidry claims he is entitled to one full year of placement in the program under the Second Chance Act. *Id*.

In his Motion for Amendment, Guidry alleges Respondent should have attached relevant documents from his criminal case and alleges that the declaration from Lori Vance concerning her interaction with Guidry and describing him as angry is false. ECF No. 9. The Motion will be denied as the matters raised therein are not dispositive of the issue before this Court.

Respondents assert that Guidry's claims must be dismissed because judicial review of his assignment to a Residential Reentry Center (RRC) is prohibited under 18 U.S.C. §3625. Respondents further state that Guidry is not entitled to a full year of assignment to an RRC

because the statute does not set a mandatory minimum length of stay; rather, it provides that no prisoner may be assigned to an RRC for *more* than one year. Additionally, Respondents claim that the Bureau of Prisons (BOP) properly exercised its discretion when it determined the length of Guidry's assignment to an RRC facility, considering all factors mandated by 18 U.S.C. §§3624(c)(6)(A) and 3621(b). ECF No. 6.

In his Response in Opposition, Petitioner asserts that BOP staff are interfering with his ability to benefit from the Second Chance Act and that his administrative grievances are not being properly addressed. He claims requiring him to exhaust grievances regarding his placement would prejudice him irreparably since his projected release date is April 19, 2014, less than a year from now. He further argues that his claim is not moot because he has not yet been placed in an RRC. ECF No. 8.

The provisions of the Administrative Procedures Act which permit judicial review of discretionary decisions do not apply to "any determination, decision, or order" made under the subchapter of the United States Code related to imprisonment. *See* 18 U.S.C. §3625. This Court does not have subject matter jurisdiction over a challenge to a BOP determination of a prisoner's assignment to an RRC facility. *See Eaton v. United States*, 178 F. 3d 902, 903 (7th Cir. 1999) (decision to transfer to halfway house not reviewable). In addition, prisoners have no constitutional right to participate in programs, demand to be housed in one prison verses another; or to be assigned any particular security classification. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983).

Even if the decision were reviewable, it is clear Guidry is not entitled to the relief he seeks. Under 18 U.S.C. §3624(c)(1),

> The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final

2

months of that term (*not to exceed 12 months*), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.

(emphasis supplied). Guidry's position that he is entitled to a full twelve-month assignment to an RRC facility is unsupported by the law. Accordingly, the Petition for Writ of Habeas Corpus shall be dismissed and a Certificate of Appealability[1] shall be denied, by separate Order which follows.

June 3, 2013  _____/s/_____
Date  RICHARD D. BENNETT
 UNITED STATES DISTRICT JUDGE

---

[1] A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U. S.C. § 2253(c)(2). Because this Court finds that there has been no substantial showing of the denial of a constitutional right, a certificate of appealability shall be denied.